UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JAVIER SERRANO-RANGEL, | ) | |
| | ) | |
| Petitioner, | ) | 10 C 6439 |
| | ) | |
| vs. | ) | Judge Feinerman |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION AND ORDER

Petitioner Javier Serrano-Rangel pleaded guilty to conspiracy to sell cocaine in violation of 21 U.S.C. §§ 841, 846, and the court sentenced him to 188 months in prison, the bottom of the applicable Sentencing Guidelines range. Serrano-Rangel appealed the sentence, and the Seventh Circuit affirmed. *United States v. Serrano-Rangel*, 334 F. App'x 14, 15 (7th Cir. 2009), *cert. denied*, 130 S. Ct. 324 (2009). Serrano-Rangel then brought this motion under 28 U.S.C. § 2255 to vacate the sentence, arguing that he received ineffective assistance of counsel at sentencing and deserves to be re-sentenced. Doc. 1. It is proper for Serrano-Rangel to make this claim for the first time now; ineffective assistance claims are not forfeited when not raised on direct appeal, and indeed "in most cases a motion brought under § 2255 is preferable to direct appeal for deciding claims of ineffective assistance." *Massaro v. United States*, 538 U.S. 500, 504 (2003). The § 2255 motion initially was assigned to Judge Hibbler, the sentencing judge, and was reassigned to the undersigned's calendar after Judge Hibbler's death. Doc. 12.

Because Serrano-Rangel claims ineffective assistance at sentencing, all citations are to the 2008 version of the Sentencing Guidelines, which incorporated amendments effective

-1-

through November 1, 2008, and which was the version in effect at the sentencing on December 3, 2008. Doc. 7-2 at 2; *see* 18 U.S.C. § 3553(a)(4)(A)(ii) (directing the sentencing judge to consider the guidelines that "are in effect on the date the defendant is sentenced"); U.S.S.G. § 1B1.11(a) ("The court shall use the Guidelines Manual in effect on the date that the defendant is sentenced."). None of the cited provisions has changed in substance since the sentencing.

Serrano-Rangel committed his federal offense when he was still under an eighteen-month sentence of conditional discharge for misdemeanor domestic battery entered by an Illinois state court. Doc. 1 at 5. The battery conviction earned Serrano-Rangel one criminal history point under Guidelines § 4A1.1(c). He received two more criminal history points under Guidelines § 4A1.1(d), which applies "if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." U.S.S.G. § 4A1.1(d). An Illinois sentence of conditional discharge is equivalent to a sentence of probation under § 4A1.2, which defines the sentences that trigger the two-point enhancement under § 4A1.1(d). *See United States v. Damico*, 99 F.3d 1431, 1438 (7th Cir. 1996). Judge Hibbler accordingly gave Serrano-Rangel two criminal history points under § 4A1.1(d), which raised his total criminal history points from one to three. *Serrano-Rangel*, 334 F. App'x at 15-16; Doc. 1 at 5.

The addition of those two criminal history points had two consequences. First, it elevated Serrano-Rangel's Criminal History Category from Category I to Category II and accordingly raised his Guidelines range. *See* U.S.S.G. ch. 5, pt. A, Sentencing Table. Serrano-Rangel's base offense level was 38 because his crime involved 426 kilograms of cocaine. *See* U.S.S.G. §§ 2D1.1(a)(3), 2D1.1(c)(1) (assigning a base offense level of 38 for crimes involving 150 kilograms or more of cocaine). Judge Hibbler subtracted three levels pursuant to § 3E1.1

because Serrano-Rangel accepted responsibility, pleaded guilty, and cooperated with the presentence investigation. *Serrano-Rangel*, 334 F. App'x at 15; Doc. 1 at 5. With an offense level of 35, the shift from Criminal History Category I to Category II raised Serrano-Rangel's Guidelines range from 168-210 months to 188-235 months. *See* U.S.S.G. ch. 5, pt. A, Sentencing Table. As noted above, Judge Hibbler sentenced Serrano-Rangel to 188 months, the bottom of the range.

The second consequence of the two additional criminal history points was to make Serrano-Rangel ineligible for a "safety valve" reduction, which is prohibited for defendants with more than one criminal history point. *See* 18 U.S.C. § 3553(f)(1) (providing that the safety valve can apply only if "the defendant does not have more than 1 criminal history point, as determined under the sentencing guidelines"); U.S.S.G. § 5C1.2(a)(1) (same). Had Serrano-Rangel received a safety valve reduction, his offense level would have been reduced by two, leading to a lower Guidelines range. *See* U.S.S.G. § 2D1.1(b)(11) (now § 2D1.1(b)(16), but materially unchanged). Applying the safety valve also would have allowed Judge Hibbler to impose a sentence below the statutory minimum, *see* 18 U.S.C. § 3553(f); U.S.S.G. § 5C1.2(a), which was ten years, *see* 21 U.S.C. § 841(b)(1)(A)(ii)(II) (establishing a ten-year mandatory minimum for crimes involving five or more kilograms of cocaine).

Serrano-Rangel's § 2255 motion claims that his federal criminal attorney was ineffective for failing to argue that his three criminal history points and his placement in Criminal History Category II over-represented his actual criminal history. Doc. 1 at 5-7. The motion does not explain why Serrano-Rangel thinks that his criminal history was over-represented. It would appear from the record, however, that Serrano-Rangel thinks that his eighteen-month state conditional discharge sentence was unduly long, in that it was much longer than sentences

usually given to Illinois domestic battery offenders; that the state sentence would have been shorter had he been more ably represented in state court; and that if he had received a state sentence of a more typical duration, his federal offense would not have occurred while he was still serving that sentence, and so § 4A1.1(d) would not have been triggered and he thus would have earned one rather than three criminal history points. Serrano-Rangel maintains that his federal attorney failed to argue that the resulting over-representation of his criminal history warranted a downward departure under Guidelines § 4A1.3(b), which allows departures from the applicable Guidelines range "[i]f reliable information indicates that the defendant's criminal history category substantially over-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes." U.S.S.G. § 4A1.3(b)(1). Serrano-Rangel also maintains that a § 4A1.3(b) departure, by effectively reducing his criminal history points from three to one, would have made him eligible for a safety valve reduction under 18 U.S.C. § 3553(f)(1) and Guidelines § 5C1.2(a)(1).

Serrano-Rangel's ineffective assistance claim is without merit. Serrano-Rangel could not have obtained a safety valve reduction regardless of what his attorney argued. No such reduction is available to a defendant with more than one criminal history, even if the defendant obtains a § 4A1.3(b) departure because the sentencing judge finds that one criminal history point more accurately reflects the seriousness of his criminal history. This is due to Guidelines § 5C1.2(a)(1), which expressly provides that safety valve relief is available only where "the defendant does not have more than 1 criminal history point, as determined under the sentencing guidelines *before application of subsection (b) of § 4A1.3* (Departures Based on Inadequacy of Criminal History Category)." U.S.S.G. § 5C1.2(a)(1) (emphasis added); *see also id*. Application Note 1 (same); U.S.S.G. § 4A1.3(b)(3)(B) ("A defendant whose criminal history category is

Category I after receipt of a downward departure under this subsection does not meet the criterion of subsection (a)(1) of § 5C1.2 … if, before receipt of the downward departure, the defendant had more than one criminal history point under § 4A1.1."). Guidelines § 5C1.2(a)(1) is incorporated into 18 U.S.C. § 3553(f)(1), the statutory safety valve provision. *See United States v. Burge*, 683 F.3d 829, 834 (7th Cir. 2012) ("The statutory requirement that the safety valve applies only to defendants who have no more than one criminal history point means that this aspect of the Guidelines is incorporated into the statutory standard: points must be 'determined under the sentencing guidelines.'") (quoting § 3553(f)(1)); *United States v. Tanner*, 544 F.3d 793, 795 (7th Cir. 2008) ("Under the regime of *Booker*, the judge is to treat the guidelines as only advisory even in a safety-valve case. But he cannot treat as advisory the guideline provisions that are preconditions for safety-valve relief, namely 18 U.S.C. §§ 3553(f)(1) and (4). And it is section 3553(f)(1) that conditions safety-valve relief on the defendant's having no more than one conviction in his criminal history.") (citations omitted). Thus, § 3553(f)(1) incorporates the explicit rule of § 5C1.2(a)(1) that a § 4A1.3(b) departure cannot make a defendant safety valve-eligible if he would not have been eligible without the departure. *See United States v. Jasso*, 634 F.3d 305, 308-09 (5th Cir. 2011); *United States v. Hunt*, 503 F.3d 34, 37-39 (1st Cir. 2007); *United States v. Hernandez-Castro*, 473 F.3d 1004, 1006 (9th Cir. 2007) ("We … reaffirm our pre-*Booker* holding in *United States v. Valencia-Andrade*, 72 F.3d 770, 774 (9th Cir. 1995), that courts have no authority to adjust criminal history points for the purpose of granting safety valve relief from a mandatory minimum sentence.") (cited with approval in *Tanner*, 544 F.3d at 795). Because Serrano-Rangel's claim to a departure rests on § 4A1.3(b), he was ineligible for the safety valve.

Serrano-Rangel is correct that a § 4A1.3(b) departure, based on the supposed over-representation of his criminal history, was at least a theoretical possibility. The question is whether his federal attorney rendered ineffective assistance under the Sixth Amendment with respect to that potential departure. A petitioner arguing ineffective assistance must show that "(1) counsel's performance fell 'outside the wide range of professionally competent assistance' and (2) 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Allen v. Chandler*, 555 F.3d 596, 600 (7th Cir. 2009) (quoting *Strickland v. Washington*, 466 U.S. 668, 690 (1984)); *see also Massaro*, 538 U.S. at 501 ("A defendant claiming ineffective counsel must show that counsel's actions were not supported by a reasonable strategy and that the error was prejudicial."). The government argues in opposition to Serrano-Rangel's § 2255 motion that his attorney was not ineffective because he actually did argue to Judge Hibbler that Serrano-Rangel's atypically lengthy state sentence caused his criminal history to be over-represented. Doc. 7 at 4, 6, 9-10. Serrano-Rangel's reply does not respond to the government's point—indeed, the reply consists of Sixth Amendment boilerplate untethered to the particulars of this case. Doc. 13.

The government is correct. Serrano-Rangel's attorney did contend that Serrano-Rangel's three criminal history points over-represented his criminal history because he should have received a shorter state sentence, in which case his federal offense would not have occurred while his state sentence was still running. In his sentencing brief, the attorney sought a statutory minimum sentence of 120 months, contending as follows:

> **(B) The Sentencing Guidelines Over-Represents Mr. Serrano-Rangel's Likelihood to Commit Another Offense and Therefore Recommends a Larger Range than Necessary**
>
> Mr. Serrano-Rangel's criminal history category is II due to a technicality and poor representation for Mr. Serrano-Rangel in a state matter earlier that year. Mr. Serrano-Rangel received a sentence of eighteen (18) months conditional discharge in a domestic battery misdemeanor case in 2005. Due to the lengthy sentence and the timing when Mr. Serrano-Rangel was arrested in this matter an additional two points were added to his criminal history category [under Guidelines § 4A1.1(d)]. While two points usually do not mat[t]er a huge difference in most guidelines calculations in Mr. Serrano-Rangel's case it had a huge impact. The two additional points increased his criminal history category from an I to an II, which made him ineligible for the safety valve reduction. If Mr. Serrano-Rangel had been safety valve eligible his guideline range would have been 121-151. Therefore, a sentence of one hundred and twenty (120) months is consistent with what his guideline range should have been and would be the most reasonable sentence to impose.

Doc. 7-3 at 7-8 (footnote omitted). The attorney repeated this argument at the sentencing hearing, Doc. 7-2 at 21-22, 27-28, without success, *id*. at 32-33. *See* 334 F. App'x at 16 ("Serrano-Rangel also argued that his sentence should be reduced because he had been represented poorly by his lawyer in his state domestic-battery case and thus his criminal history had been overstated. The [district] court rejected this argument as well, pointing out that its role was not to reconsider the battery case, and what was relevant was Serrano-Rangel's conviction for that crime and his conspiracy to sell drugs shortly thereafter.").

It is true that Serrano-Rangel's attorney did not mention § 4A1.3(b), and that he did not ask Judge Hibbler to sentence Serrano-Rangel as if his Guidelines range were 168-210 months, the range that would have applied had he been in Criminal History Category I. But the attorney did argue that Serrano-Rangel's Category II classification was "due to a technicality" and, acknowledging correctly that it made Serrano-Rangel formally ineligible for safety valve treatment, asked Judge Hibbler to impose a sentence Serrano-Rangel might have received if he

-7-

*had* been safety valve eligible: "If Mr. Serrano-Rangel had been safety valve eligible his guideline range would have been 121-151. Therefore, a sentence of [120] months is consistent with what his guideline range should have been and would be the most reasonable sentence to impose." Doc. 7-3 at 8. The attorney appears to have made a strategic decision (1) to ask Judge Hibbler to depart or vary all the way down to 120 months, the statutory minimum, in keeping with the theory that Serrano-Rangel should be sentenced as if he were safety valve eligible, rather than (2) to ask for a smaller departure or variance to the 168-210 month range. Because the attorney's actions may be understood as part of a reasonable strategy, Serrano-Rangel cannot "overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Strickland*, 466 U.S. at 689 (internal quotation marks omitted); *see also United States v. Persfull*, 660 F.3d 286, 296 (7th Cir. 2011) ("Counsel's performance is presumed to fall within a wide range of reasonable professional assistance and that the challenged act or omission might have been considered sound trial strategy."). It is not relevant under *Strickland* whether the attorney in fact was subjectively pursuing that strategy. *See Harrington v. Richter*, 131 S. Ct. 770, 790 (2011) (explaining that "*Strickland* … calls for an inquiry into the objective reasonableness of counsel's performance, not counsel's subjective state of mind").

Serrano-Rangel's ineffective assistance claim would fail even if his attorney performed unreasonably in not explicitly arguing that the supposed over-representation of Serrano-Rangel's criminal history warranted a departure to a sentence in the 168-210 month range. The reason is that Serrano-Rangel cannot show that he suffered prejudice from this alleged misstep, as required by the second element of the *Strickland* test. "In the typical case, establishing prejudice requires demonstrating that absent the attorney's deficient performance there is a reasonable

likelihood that the outcome of the proceedings would have been different." *United States v. Wallace*, 276 F.3d 360, 366 (7th Cir. 2002).

It is not reasonably likely that Judge Hibbler would have granted a more modest departure (to a sentence in the 168-210 month range) on the ground now advanced by Serrano-Rangel, because that ground is very weak and because Judge Hibbler indicated that he thought it was weak. Even if Serrano-Rangel's state conditional discharge sentence was atypically long, he still made the choice to commit his federal cocaine offense while that sentence was running, which suggests that the state sentence was insufficient to deter him from committing further crimes. The two criminal history points Serrano-Rangel received under § 4A1.1(d) were in recognition of that choice and of the implication of that choice, which is that his federal offense was part of a pattern of illegal activity and that a heavier federal sentence was necessary to deter him from continuing that pattern. Serrano-Rangel's assignment to Criminal History Category II therefore did not over-represent his criminal history, and a § 4A1.3(b) departure treating him as if his Guidelines range was 168-210 months would have been inappropriate.

Judge Hibbler recognized this when he said, in response to the attorney's argument that Serrano-Rangel's three criminal history points over-represented his actual criminal history, that "[t]he bottom line, though, is that something occurred that caused you to get some [state] sentence [for domestic battery]. And shortly thereafter you got involved in this drug conspiracy. And under our law that eliminates your eligibility for the safety valve." Doc. 7-2 at 33; *see also id*. at 35 (where Judge Hibbler explained that, based on the 18 U.S.C. § 3553(a) factors, he did not believe "that a reduction in the indicated guideline range is warranted in this case"). Judge Hibbler did not think that Serrano-Rangel's argument regarding over-representation justified a sentence below 188 months, and it is unlikely that he would have changed his mind had the same

argument been explicitly clothed in different doctrinal garb. Accordingly, Serrano-Rangel cannot show prejudice. *See Hutchings v. United States*, 618 F.3d 693, 699 (7th Cir. 2010) (rejecting ineffective assistance claim where the petitioner failed to establish prejudice); *Welch v. United States*, 604 F.3d 408, 425 (7th Cir. 2010) (same); *Bethel v. United States*, 458 F.3d 711, 720 (7th Cir. 2006) (same).

For these reasons, Serrano-Rangel's motion to vacate his sentence under 28 U.S.C. § 2255 is denied. His request for an evidentiary hearing is denied as well; a hearing is inappropriate where, as here, "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see Menzer v. United States*, 200 F.3d 1000, 1006 (7th Cir. 2000) ("Indeed, a judge should dismiss the petition without a hearing where … it plainly appears from the facts of the motion and any annexed exhibits and the prior proceedings in the case [that] the movant is not entitled to relief.") (internal quotation marks omitted).

October 24, 2012

United States District Judge